# Urquhart v. The State.

*Indictment for Perjury.*

1. *Perjury; when not committed.*—Where on a trial under an indictment for perjury the evidence shows that summons and complaint in a suit against defendant were not served on him until after the return day of the writ, which fact was also shown by the officer's return, the defendant can not be convicted of perjury for having sworn, in a suit brought by him against the officer serving said writ for making a false return, that no writ was served on him on the day the officer's

return and the evidence showed the service was made, however corrupt the intention and however false the defendant may have believed his statement to be; such service having been absolutely void and the matter sworn to being immaterial to the issue involved in said suit.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for perjury. The facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe from the evidence that W. B. Gilmer served the summons and complaint on defendant after the return day of said writ, then there was no legal service upon him, and he was not guilty of perjury in affirming that no writ was served on him on said day." (2.) "If the jury believe the evidence, they must acquit the defendant."

JOHN W. A. SANFORD, JR., for appellant, cited *Wood v. Lide*, 4 Cranch 180 ; *State v. Kennedy*, 18 N. J. L. 24; *Draper v. Draper*, 59 Ill. 119 ; *Violand v. Saxel*, 31 Tex. 283 ; *Harrington v. Harrington*, 16 S. W. Rep. 538 ; 22 Amer. & Eng. Encyc. of Law, 114.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the offense of perjury. The matter of the alleged false oath is averred in the indictment as follows : "That he [the said Urquhart] was not in and did not go to the office of one J. B. Fuller in the city of Montgomery, on the 7th day of August, 1893, and that W. B. Gilmer did not serve any writ or paper on him [said Urquhart] on that day." In one sense the evidence shows that this statement by the defendant made under oath duly and legally administered, as laid in the indictment, was untrue, and the question is presented, whether, if the statement was willfully and corruptly false, the false swearing constituted perjury. The testimony grew out of a trial, in which the defendant Urquhart sued Gilmer to recover the statutory penalty provided for in section 3329 of the

Code, "for making a false return." There is no conflict in the evidence, that a summons and complaint for the defendant, had been placed in the hands of Gilmer, that this summons and complaint were returnable on the third day of August, 1893, and no service attempted to be made until the 7th of August, 1893, some four days after the return day. The authority of the constable to execute the summons and complaint had expired, and the service by him on the 7th of August was utterly null and void. In law there was no legal summons in his hands, and there could be no service of a summons and complaint of the paper upon the defendant. However corrupt the intention, and however false the defendant may have believed his statement to be, in legal effect he did not swear falsely, in swearing that the constable did not serve on him a summons and complaint on the 7th day of August, 1893. In Mr. Bishop's work on Criminal Law, 2 vol., § 1043, and vol. 1, § 437, it is said : "If the witness supposes he is testifying falsely, it is corrupt as to him, and a perversion of truth in a court of justice ; it is therefore perjury, though in fact what he says is true." This principle must be understood as qualified by the general doctrine, without which there can be no perjury, and that is, "that the matter sworn to is material to the issue,"— must have some bearing upon it. We are unable to perceive in what respect the matter sworn to was material. Where the return of an officer shows that a summons was served after the return day, and the proof shows that it was in fact served after the return day, the officer can not be held liable under the statute for making "a false return," although he may have served it one day and returned it as executed on a different day. The summons being void as a summons, the precise day of the return made by the officer is immaterial so long as he does not attempt to give validity to it, by returning it executed on a day within the period of its return. Our conclusion is, that the defendant could not be convicted of perjury under the evidence, and the charges requested by him should have been given.

　　Reversed and remanded.